■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE A. DAVIS, Respondent. [718 NYS2d 757] —Order insofar as appealed from unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: County Court erred in dismissing the indictment on the ground that there was legally insufficient evidence that defendant intentionally aided his codefendants in the commission of burglary in the first degree (Penal Law § 140.30 [2]) and assault in the second degree (Penal Law § 120.05 [6]). It is well settled that "[m]ere presence at the scene of a crime cannot render a person liable as an accessory for the underlying criminal conduct" (*People v Arias,* 270 AD2d 354, *lv denied* 95 NY2d 850; *see also, People v Cabey,* 85 NY2d 417, 421). Here, however, defendant's immediate presence at the doorway of the victims' house, approximately one or two feet from a codefendant who was attacking the victims as the victims stood in the doorway, coupled with defendant's later statement to police concerning why defendant and codefendants were trying to break into the house, is more than "mere presence" and constitutes legally sufficient evidence to sustain the charges (*see, e.g., People v McDonald,* 257 AD2d 695, 696-697, *lv denied* 93 NY2d 876; *Matter of Tarik R.,* 232 AD2d 233, *lv denied* 89 NY2d 808; *People v Davis,* 186 AD2d 437, *lv denied* 81 NY2d 787; *see also,*

*People v Taylor*, 203 AD2d 77, 77-78, *lv denied* 83 NY2d 915). We therefore reverse the order insofar as appealed from, deny defendant's motion, reinstate the indictment and remit the matter to Erie County Court for further proceedings on the indictment. (Appeal from Order of Erie County Court, Drury, J.—Dismiss Indictment.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.