THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. MURRAY, Appellant. [718 NYS2d 554] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Supreme Court for sentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). Although defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the verdict, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We conclude that the evidence is legally insufficient to support the conviction of burglary in the second degree, but is legally sufficient to support the lesser included offense of burglary in the third degree (Penal Law § 140.20; *see,* CPL 470.15 [2] [a]; *see generally, People v Dlugash,* 41 NY2d 725, 737; *People v Magliato,* 110 AD2d 266, 270-271). We therefore modify the judgment by reducing the conviction of burglary in the second degree to burglary in the third degree and vacating the sentence imposed thereon, and we remit the matter to Supreme Court for sentencing on that conviction (*see,* CPL 470.20 [4]).

Defendant was convicted in connection with the burglary of a two-family rental unit in Syracuse. Neither apartment was rented at the time of the burglary; the upstairs apartment had been vacant for several months and the downstairs apartment had been boarded up by the landlord several weeks earlier to keep out the tenants who had an illegal gambling operation there. Defendant was seen entering the building through a basement window, from which he removed plywood. The police responded within minutes of the report and found defendant hiding in a closet in the downstairs apartment. Upon searching defendant, the police recovered a deck of playing cards and an envelope containing change; defendant admitted that he took those items from the counter in the kitchen. He testified that he was homeless and broke into the building because he was cold and needed to sleep. Defendant testified that he knew there had been a gambling operation in the downstairs apartment because he had played cards there. He further testified

that he knew that the building had been boarded up for several weeks and that he believed it to be abandoned at the time of his unlawful entry.

The crime of burglary in the second degree is defined in relevant part as knowingly entering or remaining unlawfully in a building with intent to commit a crime therein when the building is a dwelling (*see,* Penal Law § 140.25 [2]). We disagree with defendant that the evidence is legally insufficient with respect to the element of intent or that the verdict is against the weight of the evidence (*see, People v Foley,* 94 NY2d 928, 929; *People v Gaines,* 74 NY2d 358, 362, n 1). The element of intent may be inferred from the evidence that defendant possessed items that he admitted taking from the kitchen counter and his statement to police that he hoped to find food in the apartment (*see, e.g., People v Rodriguez,* 200 AD2d 775, 776, *lv denied* 83 NY2d 876). Furthermore, the jury's determination of credibility is entitled to great deference (*see, People v Bleakley,* 69 NY2d 490, 495).

We conclude, however, that the evidence is legally insufficient with respect to the element that the building was a dwelling. A dwelling is defined as a building "usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). However, "a dwelling does not lose its character as such merely because its occupant is temporarily absent" (*People v Quattlebaum,* 91 NY2d 744, 748). In determining whether a building is a dwelling the three factors to consider are "(1) whether the nature of the structure was such that it was adapted for occupancy at the time of the wrongful entry; (2) the intent of the owner to return; and, (3) whether, on the date of the entry, a person could have occupied the structure overnight" (*People v Quattlebaum, supra,* at 748; *see, People v Sheirod,* 124 AD2d 14, 15, *lv denied* 70 NY2d 656). Although the building that was burglarized by defendant was a residential building, and a person could have occupied the apartment overnight because there was electricity and some furniture, the building was in fact unoccupied, i.e., neither apartment was rented to tenants. This case is distinguishable from *People v Sheirod (supra),* in which the owner, who was also the occupant, was away for a period of one year because of a temporary job assignment, but intended to return to the fully furnished home where he had lived with his family for 12 years, and did in fact return a short time after the home was burglarized. We concluded that "the absence of occupants was temporary" and that the residence "was 'usually occupied' within the meaning of Penal Law § 140.00 (3)" (*People v Sheirod, supra,* at 18; *see also, People v*

*Melendez,* 148 AD2d 964, 965). Wrongful entry into an occupied residence could result in the "the very harm that the increased penalty for burglary of a dwelling was designed to prevent, namely 'midnight terror' and the 'danger to human life, growing out of the attempt to defend property from depredation' " (*People v Quattlebaum, supra,* at 747, quoting *Quinn v People,* 71 NY 561, 567). Here, there was no occupant; the owner lived elsewhere and neither apartment was rented at the time of the burglary.

We reject the contention of defendant that prosecutorial misconduct during summation deprived him of a fair trial. Only one claim of misconduct is preserved for our review (*see generally, People v Dien,* 77 NY2d 885, 885-886) and, in any event, we conclude that "[d]efendant has failed to show that remarks by the prosecutor * * * had a 'decided tendency to prejudice the jury' " (*People v Halm,* 81 NY2d 819, 821, quoting *People v Ashwal,* 39 NY2d 105, 110).

We have examined defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.