◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK R. GLEN, II, Appellant. [723 NYS2d 923] —Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see,* CPL 470.05 [2]; *People v Brinson,* 265 AD2d 879, *lv denied* 94 NY2d 860). We note, however, that the prosecutor improperly expressed his personal opinion concerning defendant's guilt (*see, People v LaCava,* 75 AD2d 997) and referred to defendant as a "convicted criminal." We have repeatedly admonished prosecutors not to engage in such conduct. The prosecutor's conduct was "unseemly and unprofessional in the extreme" (*People v Mott,* 94 AD2d 415, 418; *see, People v Grice,* 100 AD2d 419, 421) and does not comport with "the obligations of the sensitive role [that a prosecutor] plays" (*People v Galloway,* 54 NY2d 396, 399; *see, People v Grice, supra,* at 420). Although we do not condone the prosecutor's conduct, it cannot be said here that it "caused such substantial prejudice to the defendant that he has been denied due process of law" (*People v Mott, supra,* at 419). Contrary to the contention of defendant, the verdict finding him guilty of burglary in the second degree (Penal Law § 140.25 [2]) is not against the weight of the evidence (*see, People v Bills,* 278 AD2d 836; *People v Murray,* 278 AD2d 898; *see generally, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.