■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. ECKERT, SR., Appellant. [732 NYS2d 922] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Sperrazza, J.—Attempted Sodomy, 1st Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STEPHENS, Appellant. [732 NYS2d 313] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (Penal Law § 155.25), attempted petit larceny (Penal Law §§ 110.00, 155.25), and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). He was sentenced to concurrent terms of incarceration, the longest of which is a determinate term of seven years, plus three years of post-release supervision. We reject defendant's contention that the evidence is legally insufficient to support the conviction. The evidence, which includes the arresting officer's testimony identifying defendant as the first man to emerge from the burglarized premises, is legally sufficient to establish defendant's participation as a principal in the burglary and the attempted larceny of the stereo system, as well as defendant's complicity in the damaging of the rear door and theft of the remote control device (see generally, People v Bills, 278 AD2d 836, lv denied 96 NY2d 780; People v Davis, 278 AD2d 886, lv denied 96 NY2d 757; People v Murray, 278 AD2d 898, 899, lv denied 96 NY2d 804, lv dismissed 96 NY2d 804). The verdict is not against the weight of the evidence (see, People v Glen, 283 AD2d 987; People v Hill, 281 AD2d 917, lv denied 96 NY2d 902; see generally, People v Bleakley, 69 NY2d 490, 495). The sentence is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Aloi, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.