THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS TRICIC, Appellant. [825 NYS2d 616]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered August 31, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the

second degree, criminal mischief in the fourth degree (two counts) and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of burglary (*see People v McClusky*, 12 AD3d 1174, 1175 [2004], *lv denied* 4 NY3d 765 [2005]; *People v Plume*, 306 AD2d 916, 917 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Murray*, 278 AD2d 898, 899 [2000], *lv denied and dismissed* 96 NY2d 804 [2001]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The element of larcenous intent "may be inferred from the circumstances of the entry" (*People v Gaines*, 74 NY2d 358, 362 n 1 [1989]; *see People v Barnes*, 50 NY2d 375, 381 [1980]; *People v Mackey*, 49 NY2d 274, 280 [1980]) and from the theft completed inside the premises (*see Murray*, 278 AD2d at 899; *People v Rodriguez*, 200 AD2d 775, 776 [1994], *lv denied* 83 NY2d 876 [1994]). We reject the further contention of defendant that, based upon his intoxication, he was unable to form the requisite intent to commit a crime. The conflicting testimony concerning defendant's intoxication presented a credibility issue for the jury (*see People v Ramirez*, 278 AD2d 897 [2000], *lv denied* 96 NY2d 833 [2001]; *People v Jackson*, 269 AD2d 867 [2000], *lv denied* 95 NY2d 798 [2000]; *People v 'Abdul-Malik*, 156 AD2d 1023 [1989], *lv denied* 75 NY2d 866 [1990]). Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Dean*, 28 AD3d 1118, 1119 [2006]). Defendant also failed to preserve for our review his contention concerning judicial bias (*see People v Prado*, 4 NY3d 725, 726 [2004], *rearg denied* 4 NY3d 795 [2005]) and that contention lacks merit in any event. County Court did not evince bias against defendant in apprising the jury of a fact conclusively established by defendant's prior conviction (*see generally People v Matos*, 28 AD3d 1120, 1121 [2006]; *People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]; *People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.