# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

735

KA 09-01390

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HAROLD SCOTT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered November 19, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (three counts), attempted robbery in the first degree (two counts) and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of burglary in the first degree (Penal Law § 140.30 [1], [2], [4]), and two counts each of attempted robbery in the first degree (§§ 110.00, 160.15 [2], [4]) and assault in the second degree (§ 120.05 [2], [6]). Defendant contends that the evidence is legally insufficient to convict him as an accomplice because there is no evidence that he shared the requisite intent with the principal or that he assisted anyone in the commission of the offenses. To the extent that defendant asserts that the People failed to prove that he shared the principal's intent to commit the crimes, that contention is unpreserved for our review (*see People v Gray*, 86 NY2d 10, 19; *People v Villa*, 56 AD3d 1242, 1242, *lv denied* 12 NY3d 763). In any event, we conclude that the evidence with respect to defendant's actions during and after the relevant incidents is legally sufficient to establish that defendant was more than merely present at the scene and that he shared the principal's intent (*see People v Cabey*, 85 NY2d 417, 421; *People v Davis*, 278 AD2d 886, 886, *lv denied* 96 NY2d 757; *People v Alexander*, 190 AD2d 1052, 1052-1053, *lv denied* 81 NY2d 967). The testimony of one of the victims established that defendant, the principal and at least one other individual entered that victim's enclosed porch and attempted to rob the victims at gunpoint. When the first victim was shot, the second victim attempted to flee, but defendant temporarily restrained him. Once released, the

second victim fled, and defendant again assisted the gunman by pointing to the location where the second victim fled. The gunman then shot the second victim. Thus, even assuming, arguendo, that defendant's "assistance was not initially planned, [we conclude that] the totality of the evidence permits only the conclusion that he knowingly participated and continued to participate even after his companion's intentions became clear" (*People v Allah*, 71 NY2d 830, 832).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court