# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**431**

**KA 09-00732**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRYSON DAVIS-JOHNSON, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 20, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) after his first trial ended in a hung jury. Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (*see generally People v Delamota*, 18 NY3d 107, 113; *People v Danielson*, 9 NY3d 342, 349). Although defendant's further challenge to the legal sufficiency of the evidence at the first trial is properly before us because "[t]he Double Jeopardy Clause precludes a second trial if the evidence from the first trial is determined by the reviewing court to be legally insufficient" (*People v Scerbo*, 74 AD3d 1730, 1731, *lv denied* 15 NY3d 757; *see People v Scott*, 107 AD3d 1635, 1636-1637, *lv denied* 21 NY3d 1077), we reject that challenge. The evidence at both trials, which included the testimony of four eyewitnesses, was substantially similar, and demonstrated that defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" of death when defendant and at least one other individual gained entry to a known drug house operated by the victim, and the victim was fatally shot through his apartment door when he returned (§ 15.05 [3]; *see* §§ 20.00, 125.15 [1]; *see also People v Flayhart*, 72 NY2d 737, 742; *People v Davis*, 278 AD2d 886, 886-887, *lv denied* 96 NY2d 757). Even if defendant's "assistance was not initially planned, the totality of the evidence permits only the conclusion that he knowingly participated and continued to participate even after his companion's intentions became clear" (*People v Allah*, 71 NY2d 830, 832; *see People*

*v Scott*, 107 AD3d 1592, 1593, *lv denied* 22 NY3d 958).

"Defendant was convicted 'upon legally sufficient trial evidence,' and thus his contention with respect to the competency of the evidence before the grand jury 'is not reviewable upon an appeal from the ensuing judgment of conviction' " (*People v Haberer*, 24 AD3d 1283, 1284, *lv denied* 7 NY3d 756, *reconsideration denied* 7 NY3d 848, quoting CPL 210.30 [6]).  Defendant's sentence is not unduly harsh or severe, and his remaining contention does not require modification or reversal of the judgment.

Entered:  May 9, 2014

Frances E. Cafarell
Clerk of the Court