■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT WITKOWSKI and JAMES MARSHALL, Respondents. — Order of the Supreme Court, New York County (Soloff, J.), entered May 15, 1981, dismissing the indictment against defendants upon the ground of legal insufficiency, unanimously reversed, on the law, the indictment reinstated and the matter remanded to the Supreme Court, New York County, for further proceedings. The evidence submitted to the Grand Jury established that on March 20, 1981, Police Officer Frank Odessa and his partner were assigned to the Sixth Precinct Street Crime Unit and were working in plainclothes. At approximately 6:15 P.M. they observed the two defendants looking into a clothing store at 349 Bleecker Street. After a few moments the two crossed the street and separated. The defendants then recrossed the street and met again in front of the clothing store. During this period each of the defendants looked up and down Bleecker Street and West 10th Street. The two police officers walked past the pair and Odessa mentioned to his partner that he observed the butt of a pistol in the waistband of defendant Marshall. The defendants then walked east on Bleecker Street, followed by the two officers. The defendants stopped at the corner of Grove Street and stood in front of 49 Grove Street, another retail clothing store. They walked around the corner, came back and peered into the store, and walked down the street. They then left the area of 49 Grove Street. Subsequently, they turned and proceeded back to it. During all of this period they were followed discreetly by the police officers. As the two officers reached 49 Grove Street they saw the defendants proceed toward the store and Odessa heard Marshall say to Witkowski "we are going to hit this store". As the defendants entered the vestibule leading to the threshold of the store, they were seized by the two police officers. After a rendition of the *Miranda* rights each admitted that they were about to rob the store. The time was then approximately 7:10 P.M. The weapons seized from defendants were toy pistols. Accordingly, they were both indicted for an attempt to commit the crime of robbery in the second degree in violation of section 110.00 and subdivision 1 of section 160.10 of the Penal Law. On motion to dismiss the indictment, Criminal Term granted the motion holding: "[t]here was no overt act which went beyond the state of mere preparation for a robbery and the law does not punish evil thoughts". Whether Criminal Term had jurisdiction to dismiss the indictment is not addressed by

the parties. Accordingly, we do no more than note that CPL 210.45 (subd 1) provides that "[a] motion to dismiss an indictment pursuant to section 210.20 must be made in writing and upon reasonable notice to the people". So far as we are able to ascertain, no such motion in writing was made. This failure to comply with the statutory mandate would, in itself, require reversal (*People v Vega*, 80 AD2d 867). More to the point, however, is the substantive objection to the holding of Criminal Term. Section 110.00 of the Penal Law teaches that one attempts to commit a crime "when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime". To constitute an attempt the acts in furtherance of the crime must " 'carry the project forward within dangerous proximity to the criminal end to be attained'." (*People v Ditchik*, 288 NY 95, 96.) In sum, the acts of a defendant must establish that he was " 'very near to the accomplishment of the intended crime' " (*People v Di Stefano*, 38 NY2d 640, 652). Here, the intent to commit the specific crime is crystal clear. After "casing" the clothing store at 349 Bleecker Street, the defendants abandoned any intent which they might have had to rob that store. They then proceeded to 49 Grove Street where, after "casing" that clothing store they walked away and then returned. When Marshall was overheard saying to Witkowski "we are going to hit this store", evidence of their intent became compelling. When the two proceeded into the vestibule which was but a step or two away from the threshold to the store, the venture had proceeded beyond "evil thoughts". It had been carried forward within dangerous proximity to the criminal end to be attained. All the truer is this when considered in the light of Odessa's observation of what he thought to be the butt of a gun protruding from Marshall's waistband. That the weapon turned out to be a toy pistol does not alter the fact that at the point of defendants' entry into the store, the officers had the duty to intervene. Concur — Ross, J. P., Bloom, Lynch and Asch, JJ.