■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EMELIO AVILES and DAGEBETO VARGAS, Respondents. — Order, Supreme Court, New York County (Brenda S. Soloff, J.), entered February 9, 1982, dismissing an indictment charging attempted grand larceny in the second degree and possession of burglar tools, unanimously reversed, on the law, and the indictment reinstated. ¶ According to testimony before the Grand Jury, two civilian-clad policemen on anticrime patrol on Manhattan's Upper East Side observed defendants, during the wee hours of the morning, "casing" parked automobiles. Defendants displayed particular interest in a white 1977 Cadillac, returning to it after conferring for a brief moment in a nearby telephone booth. Defendant Aviles was observed kneeling beside the driver's door while defendant Vargas held the handle of the door on the passenger side. The two then walked to a nearby parked van. At this point, the police moved in and identified themselves. Kneeling inside the rear part of the van were defendants and two others, surrounded by "a wire hanger bent up" and "a large number of tools, a slap hammer, number of screw drivers, some pry bars, wires." Defendants were placed under arrest and advised of their rights. Examination of the Cadillac revealed minor damage to the driver's door, later confirmed as previously unnoticed by the owner of the car. Defendant Aviles later admitted to one of the policemen that he and his companions were regularly involved in a nocturnal automobile theft operation, and that he "had to do this because he had two children to support." ¶ Trial Term dismissed the indictment on oral motion, finding insufficient evidence to sustain the charges. "While it appears fairly clear that the defendants intended to steal the car in question," the court ruled that "they did not attempt to do so within any legal definition thereof". ¶ Possession of burglar's tools was amply established. This crime consists of possession of any "tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by a physical taking" (Penal Law, § 140.35). The array of tools and instruments observed and confiscated by the police under these circumstances precisely fit the specifications of the statute as items commonly used in automobile thefts. ¶ The charge of attempted grand larceny in the second degree should likewise have been sustained. An attempt to commit a crime requires the establishment of intent toward that end, along with some conduct tending to effect the commission of that crime (Penal Law, § 110.00). The requisite criminal conduct lies somewhere between "evil thoughts" or mere preparation not warranting legal intervention, and the final act actually consummating the attempted crime. The standard is generally recognized as actions which, in Judge Cardozo's words, "carry the project forward within dangerous proximity to the criminal end to be attained" (People v Werblow, 241 NY 55, 61; see People v Bracey, 41 NY2d 296, 300). Trial Term evidently had no difficulty in finding the requisite intent to commit the crime of grand larceny in the second degree. The acts in furtherance of attempted commission of that crime were also manifest. Defendants were observed reconnoitering a likely object of theft (see People v Witkowski, 90 AD2d 723, 724; People v Leichtweis, 59 AD2d 383, 389), and there was even physical evidence of an attempt to intrude into the vehicle (see People v Mitteager, 44 NY2d 927). The fact that tools and instruments

normally utilized to effectuate such a crime were found in such close proximity, in defendants' possession, merely adds to the suspicion that this conduct was in furtherance of the attempted crime (*People v Leichtweis, supra*). ¶ Even were we not to find sufficient evidence to sustain this indictment on the merits, we would still be constrained to reverse the order dismissing the indictment because it was made on oral motion, in clear violation of CPL 210.45 (subd 1; *People v Kitt,* 93 AD2d 77, application for lv to app den 57 NY2d 678). Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.