■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LEWOC, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 12, 1982, upon a verdict convicting defendant of the crime of burglary in the second degree. ¶ James Van Buren, having just entered his own driveway, observed an unfamiliar car containing two men in a parking lot across the street from the Kennedy residence; the Kennedys were in Florida at the time. After watching the men share a cigarette and proceed into the woods behind the Kennedy house and then moments later hearing what appeared to be the sound of a door being kicked hard, Van Buren called

the police. At approximately 11:30 P.M. on February 2, 1981, defendant and his codefendant were arrested as they attempted to run from a rear door to the Kennedys' porch into the wooded area. Following a joint trial, both were convicted of burglary in the second degree. ¶ Defendant maintains that the trial court should have submitted to the jury the lesser included offense of attempted burglary in the second and third degrees. He also argues that the jury was improperly instructed that the Kennedys' enclosed porch was an integral part of the building and that one month's nonoccupancy did not necessarily cause the building to lose its character as a dwelling. We find no merit to any of defendant's contentions. ¶ An attempt may be charged only when a reasonable view of the evidence would support a finding that the defendant committed such lesser offense, but not the greater (CPL 300.50, subd 1). Here, defendant and his codefendant were seen exiting the Kennedys' kitchen door into the enclosed porch by Van Buren and were then seen leaving the porch by police officers. Additionally, a neighbor noticed flashlights inside the residence just prior to defendant's apprehension and a police officer heard noises from within as he came around the side of the Kennedy house. Subsequent investigation disclosed a forced entry through the kitchen door and a household in disarray. Later that week, two lit, but dim, flashlights were discovered in the dining room by a neighbor-caretaker. Given the convincing evidence of entry, the trial court quite properly declined to charge attempt as a lesser included offense. ¶ Nor can we find fault with the court's conclusion that the full enclosed porch, with windows and walls of wooden construction running the length of the Kennedy house, referred to by neighbors as an "addition" and which was functionally indistinguishable from the rest of the house, was an integral part of it and that entry therein, combined with the other requisite statutory elements, would be sufficient to constitute burglary (*People v King,* 61 NY2d 550). ¶ Finally, not only did defendant fail to preserve the issue of the sufficiency of the trial court's charge regarding nonoccupancy and whether the Kennedys' sojourn in Florida from January to mid-March caused the building to lose its character as a dwelling, more importantly, whether their absence was temporary was an issue which was submitted to the jury and resolved in the People's favor. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.