THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE SHEIROD, Appellant.

Fourth Department, January 23, 1987

## APPEARANCES OF COUNSEL

*Edward J. Nowak (Brian Shiffrin* of counsel), for appellant.

*Howard R. Relin, District Attorney (Elizabeth Clifford* of counsel), for respondent.

## OPINION OF THE COURT

BALIO, J.

In June of 1982, Stephen Hassall and his family moved from Chili, New York, to Colorado where Hassall began a one-year assignment for his employer, Eastman Kodak. The Chili residence was left completely furnished, and the utilities remained operable. Neighbors were hired to check the house daily for break-ins or weather damage.

A year later on June 20, 1983 at about 9:15 A.M., the alarm system at the Hassall residence alerted a neighbor, Rita Harper, of an intrusion. Harper and another neighbor, John Basile, drove to the Hassall residence where they observed a car in the driveway and made a written note of the license plate number. Basile then observed a man walk some 20 feet

from the side of the house to the car and drive off. Basile followed the car for a while and then returned to the residence.

Upon investigation, it was determined that the garage and kitchen doors were forced open; that several boxes of personal belongings, which had been shipped from Colorado and stored in the garage, were ripped open; and that dresser drawers and jewelry boxes in a bedroom were opened. Apparently, nothing was taken.

A check on the license plate number revealed that the car observed by the neighbors was registered to defendant. Later that same day, an investigator with the Sheriff's department prepared an array of six photographs which was shown to Basile. Basile identified defendant as the person he had seen at the Hassall residence. Two days later, a parole officer interviewed Basile and showed him two photo arrays, one prepared from Sheriff's department photographs and one from Division of Parole photos. Basile immediately identified the defendant in both arrays.

Following a suppression hearing, the court found that each array and the procedures employed at each identification were not suggestive. Although it considered showing three arrays somewhat suggestive, the court concluded that use of the multiple arrays was insufficient to warrant suppression. Defendant was subsequently convicted by jury verdict of burglary, second degree, attempted petit larceny, and criminal mischief, fourth degree.

On appeal, defendant first contends that the trial court erred by refusing to charge burglary, third degree, and criminal trespass, third degree, as lesser included offenses of burglary, second degree. We disagree. To warrant a lesser included offense charge, there must be a view of the evidence, considered most favorably to the defendant (*People v Shuman*, 37 NY2d 302, 304), that would support a finding that he committed the lesser offense but not the greater (*People v Glover*, 57 NY2d 61, 63).

Under the circumstances of this case, conviction for burglary, second degree, required proof that the residence was a dwelling (Penal Law § 140.25 [2]), defined as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). Conviction for the lesser included offenses would have required merely proof that the residence was a building. Defendant suggests that since the Hassall

residence had not been occupied for about a year, there was a reasonable view of the evidence indicating that the residence was a building, but not a dwelling, and warranted submission of the lesser included offenses to the jury.

■ Prior to 1967, proof of actual presence by a human being was an essential element of burglary, second degree (former Penal Law § 403). Under the revised Penal Law, actual presence is not required, and the "usually occupied" element may be satisfied even though the residence is temporarily unoccupied at the time of the burglary (see, People v Lewoc, 101 AD2d 927). The issue presented here is whether absence for a year may be considered temporary. We conclude that it may and that the jury, properly instructed on the statutory definition of a dwelling, correctly determined that it was.

In *Lewoc (supra),* although the issue had not been preserved for appellate review, the court noted that a 2½-month sojourn to Florida raised a factual issue as to temporary absence which the jury resolved in favor of the People. Courts in other jurisdictions that do not require actual physical presence at the time of the burglary have concluded that absences ranging from one month to two years may be considered temporary *(see, for example, Bazroux v State,* 634 SW2d 919 [Tex Ct App] [28-day business trip]; *Middleton v State,* 181 Ind App 232, 391 NE2d 657 [five-month vacation]; and *Hamilton v State,* 354 So 2d 27 [Ala App], *cert denied* 354 So 2d 30 [two years]).

Analysis of the various authorities suggests that the following factors are relevant in considering whether absence is merely temporary: (1) the nature of the structure, i.e., its adaptation at the time of the burglary to occupancy by a person *(see, e.g., State v Albert,* 426 A2d 1370 [Me], where summer camp burglarized in January was considered a dwelling because it was adapted for overnight accommodation; *but see, State v Eaton,* 43 Ore App 469, 602 P2d 1159; *State v Celli,* 263 NW2d 145 [SD]; *Smart v State,* 244 Ind 69, 190 NE2d 650; and *White v State,* 312 SW2d 639 [Tex Crim App], where seasonal homes either unfurnished or without utilities were found not to constitute dwellings); (2) the intent of the owner to return *(People v Traylor,* 100 Mich App 248, 298 NW2d 719; *State v Lisiewski,* 20 Ohio St 2d 20, 252 NE2d 168), and (3) whether, on the date of the burglary, a person could have occupied the structure overnight *(State v Lisiewski, supra).* If there was an intent to return, the length of absence is generally considered irrelevant *(People v Traylor, supra;*

*Hamilton v State,* 354 So 2d 27, *supra; cf. Starnes v Commonwealth,* 597 SW2d 614 [Ky]; Ann., 20 ALR4th 349).

A consideration of these factors clearly supports a finding of temporary absence. The structure had been used as the family residence for some 12 to 13 years. It was structurally adapted for overnight accommodation and could have been so occupied on the day of the burglary. It was furnished and necessary utilities were connected. Moreover, the Hassalls intended to return and did, in fact, return some two weeks after the burglary. At the time of the burglary they had left Colorado and were en route to their home. Their personal belongings and valuables had been received at the residence and were stored in the garage. We conclude, therefore, that the absence of occupants was temporary; that the residence was "usually occupied" within the meaning of Penal Law § 140.00 (3); and that the only reasonable view of the evidence warranted the court's submission of burglary, second degree, but not the claimed lesser offenses to the jury. We also conclude that the court correctly refused to charge criminal trespass in the second degree as a lesser included offense, thus rejecting the claim that there was a view of the evidence which negated an intent to commit a crime in the residence *(see, People v Gilligan,* 42 NY2d 969; *People v Anderson,* 103 AD2d 1011; *People v Aviles,* 99 AD2d 1025).

■ We agree that the court erred by instructing the jury to consider false alibi as consciousness of guilt in the absence of any independent proof of fabrication *(People v Russell,* 266 NY 147; *People v Wright,* 86 AD2d 968; *People v Abdul-Malik,* 61 AD2d 657). Although this error was of constitutional dimension *(see, People v Victor,* 62 NY2d 374, 377; *People v Abdul-Malik,* supra, at p 663), it was harmless beyond any reasonable doubt and did not deprive defendant of a fair trial *(People v Crimmins,* 36 NY2d 230, 237). Evidence of defendant's guilt was overwhelming, and the court unequivocally told the jury that the burden of proof never shifts and always remains with the prosecution. Thus, there is "no reasonable possibility that the error might have contributed to defendant's conviction" *(People v Crimmins, supra,* p 237).

■ Defendant contends that the employment of three photo array procedures with defendant's photograph as the only photo common to each array was overly suggestive and should be suppressed. Although under certain circumstances multiple photo identifications may be suggestive *(see, for example, People v Hall,* 81 AD2d 644; and *People v Tindal,* 69 AD2d 58),

the mere fact that there were multiple identification procedures does not mandate suppression. In this case, the witness identified defendant on each occasion without any uncertainty, and the court found that the procedures utilized for each array were not overly suggestive. These findings are entitled to great weight *(People v Prochilo,* 41 NY2d 759, 761), and we find no reason to disturb them on this record. We have considered defendant's remaining contentions and conclude that they do not warrant reversal of the conviction.

Accordingly, the judgment should be affirmed.

CALLAHAN, J. P., DENMAN, BOOMER and GREEN, JJ., concur.

Judgment unanimously affirmed.