■ .THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK LOWE, Respondent. [728 NYS2d 167] —Appeal by the People from an order of the Supreme Court, Queens County (Dunlop, J.), dated May 5, 1999, which set aside a jury verdict insofar as it found the defendant guilty of burglary in the second degree under the first count of the indictment, and dismissed that count of the indictment.

Ordered that the order is affirmed.

The indictment charged the defendant with burglary in the second degree (Penal Law § 140.25 [2]), burglary in the third degree (Penal Law § 140.20), criminal mischief in the second degree (see, Penal Law § 145.10), and possession of burglars' tools (Penal Law § 140.35). At trial, the evidence established that the defendant and his codefendant, John Wilson (see, People v Wilson, 284 AD2d 421 [decided herewith]), unlawfully entered a building in Jamaica, Queens, and stole a boiler. In doing so the two men also caused damage to copper pipes, which were broken in order to permit removal of the boiler. The defendants were confronted by a neighbor as they were removing the boiler from the building in a hand cart, and were apprehended shortly thereafter.

The jury rendered a verdict of guilty on all of the charges. The Supreme Court then set aside the verdict to the extent that the jury had found the defendant (and the codefendant) guilty of the first count of the indictment, burglary in the second degree. The Supreme Court determined that the People had failed to adduce legally sufficient evidence to establish that the building in question was a "dwelling," and had thus failed to establish the defendant's guilt of one of the elements of burglary in the second degree (see, Penal Law § 140.20 [2]). The People appeal (see, CPL 330.30 [1]; 450.20 [3]).

The owner of the building testified that he purchased it in 1996 with the intent to renovate it into a three-family residence, and then to sell it. The owner had never resided there himself, and had no intention of doing so. The owner testified that on the date of the burglary, the plumbing throughout the house was new, the boiler was working, and a new kitchen, as well as new bathroom and light fixtures, had been installed. Another witness testified, however, that several sinks, toilets, cabinets, and other items had been ripped out and were missing.

On appeal, the People argue that the building in question was designed to serve as a residence, was located in a residential neighborhood, and had never been used as anything other than a residence. Further, on the date of the burglary, the building was "clearly habitable," in that it had running water, heat, and electricity, as well as new fixtures and plumbing. The People also note that the owner was attempting to sell the building for use as a residence, and that, after the burglary, the owner had someone stay in the building in order to safeguard it.

The defendant, on the other hand, argues that the building was "entirely unfurnished," and that "necessary items for habitability such as sinks and toilets were missing." The defendant points out that the building had not been used as a dwelling for a long time, although apparently it had been occupied on occasion by squatters. The defendant also emphasizes that the owner himself did not intend to live there.

Penal Law § 140.00 (3) defines "dwelling" as "a building which is usually occupied by a person lodging therein at night." A dwelling does not lose its character as such merely because it is temporarily unoccupied (see, People v Quattlebaum, 91 NY2d 744; People v Lewoc, 101 AD2d 927). In determining whether a building is a dwelling, the various relevant factors include: (1) whether the structure is adapted for overnight lodging, and, if so, the frequency of its use for that purpose; (2) if the structure is used for overnight lodging, but was not occupied on the date of the burglary, whether those who used it for lodging intended to return there, and, if so, when; and (3) whether on the date of the burglary a person could have occupied the building overnight (see, People v Quattlebaum, supra, at 748; People v Sheirod, 124 AD2d 14, 17-18; Annotation, Occupant's Absence From Residential Structure as Affecting Nature of Offense as Burglary or Breaking and Entering, 20 ALR4th 349).

People v Sheirod (supra), where a burglarized building was in fact a dwelling, presents an instructive contrast to the case now under review. In Sheirod, the building in question had not been occupied for approximately one year due to its owner's temporary employment-related relocation. The Appellate Division, Fourth Department, noted, however, that the house in question had been "left completely furnished" (People v Sheirod, supra, at 15) and that the owner "intended to return" (People v Sheirod, supra, at 18).

Applying the relevant factors to the facts of this case, we agree with the Supreme Court that the building under renova-

tion was not a dwelling. At the time of the burglary the building was entirely unfurnished, and no one regarded it as his or her place of residence, either permanent or temporary. While the building could readily have been made habitable on relatively short notice, it was not suitable for civilized habitation in a practical sense at the time the burglary occurred. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.