■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HARRIS, Appellant. [752 NYS2d 701] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 31, 1999, convicting him of burglary in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the denial, after a hearing, of that branch of the same motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erred in denying his motion to dismiss made at the close of the People's case because the People failed to make a prima facie showing of reckless endangerment in the first degree is unpreserved for appellate review (*see People v Hines,* 97 NY2d 56). Since the defendant testified after the court denied his motion to dismiss made at the close of the People's case, he waived subsequent review of that determination (*see People v Montana,* 298 AD2d 934; *People v Hines, supra* at 61). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt of reckless endangerment in the first degree and burglary in the first degree beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses

(*see People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

There is no merit to the defendant's contention that the hearing court erred in precluding him from calling civilian witnesses to establish that the pretrial identification procedure was unduly suggestive. The defendant's claim that the identifying witness may have been improperly influenced at the time of the identification is purely speculative (*see People v Taylor,* 80 NY2d 1, 15).

To the extent that the defendant challenges an order denying him relief pursuant to CPL 440.10, his failure to obtain leave to appeal from that order forecloses review of the order on this appeal (*see* CPL 450.15, 460.15; *see also People v Alexis,* 295 AD2d 529; *People v McCoy,* 270 AD2d 432; *People v McKane,* 222 AD2d 458).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.