■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ABARRATEGUI, Appellant. [761 NYS2d 632] —Judgment, Supreme Court, New York County (Lewis Stone, J.), rendered April 12, 2002, convicting defendant, after a jury trial, of burglary in the second and third degrees, seven counts of grand larceny in the fourth degree and seven counts of criminal possession of stolen property in the fourth degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

Two days after the September 11, 2001 destruction of the World Trade Center, the police arrested defendant near the site of the disaster, where he had been posing as a Red Cross worker. Defendant's second-degree burglary conviction stems from his possession of credit cards that were left in the nearby Millennium Hotel after a guest fled from the hotel on September 11. Some of defendant's convictions of grand larceny and possession of stolen property relate to his possession of items taken from the nearby Century 21 department store. On ap-

peal, defendant argues that the evidence was legally insufficient to establish that, after September 11, the Millennium was still a dwelling within the meaning of the burglary statute and that the merchandise from Century 21 had any value within the meaning of the larceny statute.

By failing to renew his motion for a trial order of dismissal following his testimony at trial, defendant has waived his sufficiency claims (*People v Hines*, 97 NY2d 56 [2001]). There is nothing in *Hines* to suggest that this rule of preservation is limited to situations where the defense case actually cures a deficiency in the People's case. In any event, were we to review these claims, we would reject them.

Although the hotel was extensively damaged on September 11 and although there were some temporary restrictions placed on the hotel on September 11 that were in effect on September 13, when defendant was found in possession of the items in question, it still constituted a "dwelling" for purposes of the burglary statute since it was a "building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]; *People v Barney*, 99 NY2d 367, 372 [2003]; *People v Quattlebaum*, 91 NY2d 744, 747-749 [1998]; compare *People v Lowe*, 284 AD2d 413 [2001], *lv denied* 96 NY2d 921 [2001]). There was no evidence that the hotel was abandoned at the time in question; on the contrary, there was testimony that the hotel management sought to repair it and reopen it for business. The hotel's situation was analogous to that of a house rendered temporarily unsuitable for habitation as the result of a fire; we conclude that such a house would not cease to be a "dwelling" (*see People v Traylor*, 100 Mich App 248, 251-253, 298 NW2d 719, 721-722 [1980] [damaged, vacated house still an "occupied dwelling" under comparable statute, irrespective of habitability, where occupant intended to return]).

Furthermore, the record fails to support defendant's assertion that the hotel was "condemned." There was no evidence that any government agency had condemned or permanently closed the hotel. Instead, there was evidence that at the time in question, the authorities had temporarily restricted access. Thus, there was no error when the court instructed the jury to disregard "any temporary legal restrictions on such occupancy by reason of the 9-11 event." We also find that the court's instructions on the meaning of a dwelling were appropriate.

As for the items stolen from Century 21, the People sufficiently established that their value well exceeded $1,000 through the price tags on the merchandise and the testimony of the store's representative, as well as through the jury's ex-

amination of the items themselves (*see People v Irrizari*, 5 NY2d 142 [1959]; *People v Zilberman*, 297 AD2d 517 [2002], *lv denied* 99 NY2d 566 [2002]; *People v McPherson*, 286 AD2d 616 [2001], *lv denied* 97 NY2d 685 [2001]). Contrary to defendant's claim, Century 21's representative never testified that merchandise remaining in the store after the destruction of the World Trade Center had no value. The jury could reasonably conclude, in light of their undamaged condition, that the items recovered from defendant still had the same or approximately the same market value on September 13 that they had before the events of September 11.

We perceive no basis for reducing defendant's sentence.

We have considered and rejected defendant's remaining claims. Concur—Andrias, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.