■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SOTO, Appellant. [779 NYS2d 251]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered October 24, 2001, convicting him of attempted murder in the second degree, assault in the first degree (two counts), grand larceny in the fourth degree, petit larceny, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contentions, the defendant's appellate challenge to the legal sufficiency of the evidence of his intent to commit attempted murder in the second degree is preserved for review, as the defendant raised this issue with sufficient specificity in his motion, pursuant to CPL 290.10, for a trial order of dismissal at the close of the People's case (*see People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Olaya,* 1 AD3d 615 [2003], *lv denied* 1 NY3d 632 [2004]). The People's reliance upon *People v Hines* (97 NY2d 56 [2001]) to support their assertion that the issue is not preserved is misplaced. *Hines* clearly holds that when a defendant's motion for a trial order of dismissal at the close of the People's case is denied, and the defendant thereafter presents witnesses whose testimony supplies additional evidence of guilt, the defendant *waives* his right to attack the quantum of proof adduced by the People during their case-in-chief. The issue is one of waiver, not preservation (*cf. People v Abarrategui,* 306 AD2d 20, 21 [2003]). The Court of Appeals in *Hines* clearly did not intend to announce sweeping changes in the rules of preservation applicable to legal sufficiency challenges generally. To the extent our decision in *People v Harris* (300 AD2d 675 [2002]) appears to hold to the contrary, it is hereby overruled. We take this opportunity to reiterate our adherence to the prevailing rule that a motion pursuant to CPL 290.10 made at the close of the People's case asserting specific grounds is sufficient to preserve those arguments in a challenge to the legal sufficiency of the evidence on appeal.

Viewing all of the evidence at trial in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's

guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight of the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Although the County Court erred in precluding a defense witness from testifying about a statement allegedly made to her by the victim, which would have demonstrated a motive to fabricate on the part of the victim, such error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Ritter, J.P., Florio, H. Miller and S. Miller, JJ., concur.