■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AYERS, Appellant. [7 NYS3d 908]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered June 6, 2013, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to present legally sufficient evidence of his guilt of burglary in the second degree. Contrary to his contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish that the apartment unlawfully entered by the defendant was a dwelling within the meaning of Penal Law § 140.00 (3) at the time of the burglary (*see* Penal Law § 140.25 [2]; *People v McCray*, 23 NY3d 621, 630 [2014]; *People v Barney*, 99 NY2d 367, 370-371 [2003]; *People v Henry*, 64 AD3d 804, 805 [2009]; *People v Abarrategui*, 306 AD2d 20, 21 [2003]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to the count of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

Furthermore, because there was no reasonable view of the evidence that the apartment at issue was not a dwelling within

the meaning of the Penal Law, the Supreme Court properly refused to charge the lesser included offense of burglary in the third degree (*see* CPL 300.50 [1]; *People v Barney*, 99 NY2d at 371-373; *People v Sheirod*, 124 AD2d 14 [1987]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.