# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**582**

**KA 14-00981**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEROME INGRAM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 12, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on the first count of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence is legally insufficient to establish his guilt and the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that "there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crime[] of which he was convicted based on the evidence presented at trial" (*People v Scott*, 93 AD3d 1193, 1194, *lv denied* 19 NY3d 967, *reconsideration denied* 19 NY3d 1001; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jurors failed to give the evidence the weight it should be accorded (*see People v Canfield*, 111 AD3d 1396, 1397, *lv denied* 22 NY3d 1087; *People v Ettleman*, 109 AD3d 1126, 1128, *lv denied* 22 NY3d 1198).

We agree with defendant, however, that reversal is required based on Supreme Court's refusal to charge criminal trespass in the second degree (Penal Law § 140.15 [1]) as a lesser included offense of

burglary in the second degree.  Viewing the evidence in the light most favorable to defendant, as we must in this context (*see People v Randolph*, 81 NY2d 868, 869), we conclude that there is "a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135; *see People v Borges*, 90 AD3d 1067, 1069), i.e., that he did not intend to commit a crime when he entered the victim's apartment without her permission.

In light of our determination, we need not address defendant's remaining contentions, none of which, if meritorious, would result in dismissal of the indictment.

Entered:  June 17, 2016                      Frances E. Cafarell
                                             Clerk of the Court