■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAULA ZHAGNAY, Appellant. [37 NYS3d 441]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Latella, J.), rendered October 15, 2012, convicting him of burglary in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated April 16, 2015, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and endangering the welfare of a child beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he received ineffective as-

sistance of counsel is without merit. Defense counsel was not ineffective in failing to request that the Supreme Court charge the jury on criminal trespass in the second degree as a lesser-included offense of burglary in the second degree, as there was no reasonable view of the evidence that the defendant committed the lesser offense, but not the greater (*see People v Powell*, 125 AD3d 1010, 1012 [2015], *affd* 27 NY3d 523 [2016]). Although there is merit to his contention that defense counsel should have moved to re-open the suppression hearing, under the circumstances of this case, that single error was not sufficiently egregious and prejudicial as to compromise the defendant's right to a fair trial (*see People v Caban*, 5 NY3d 143, 152 [2005]). Viewing the record as a whole, defense counsel provided meaningful representation (*People v Benevento*, 91 NY2d 708, 712 [1998]).

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that sufficient facts appeared on the record to permit adequate review of his claim of ineffective assistance of counsel (*see* CPL 440.10 [2] [b]). Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.