■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VAN PRAAG, Appellant. [60 NYS3d 224]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered August 28, 2013, convicting him of burglary in the second degree, robbery in the third degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of burglary in the second degree, robbery in the third degree, and assault in the third degree in connection with an incident in which he and a codefendant unlawfully entered an apartment after the codefend-

ant had moved out of the apartment, assaulted the codefendant's former roommate, and stole property.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of burglary in the second degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]). "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.25), and "[t]he building is a dwelling" (Penal Law § 140.25 [2]; *see People v Ayers*, 128 AD3d 845 [2015]). Here, evidence was adduced that the defendant threatened the complainant multiple times prior to entering the apartment, forcibly pushed in the apartment door, ripped the door to the complainant's bedroom off its hinges, splintering the doorframe, and immediately began to punch the complainant multiple times in the face, stopping only when he obtained the property he sought. These circumstances established the defendant's knowledge that he was not licensed or privileged to enter the dwelling, and his contemporaneous intent to commit a crime therein (*see People v Brown*, 36 AD3d 930, 931 [2007]; *cf. People v Konikov*, 160 AD2d 146, 149 [1990]; *see generally People v Gaines*, 74 NY2d 358, 362 [1989]).

The defendant's conviction of robbery in the third degree was supported by legally sufficient evidence. Contrary to the defendant's contention, the evidence established beyond a reasonable doubt that the defendant intended to steal property from its owner (*see People v Green*, 5 NY3d 538, 544 [2005]). Moreover, the verdict of guilt on this count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d at 348).

The defendant's claim that the evidence of physical injury was legally insufficient to support the conviction of assault in the third degree is unpreserved for appellate review because the defendant did not raise this issue at trial (*see People v Bedford*, 95 AD3d 1226 [2012]; *People v Sloan*, 202 AD2d 525 [1994]). In any event, viewed in a light most favorable to the prosecution, we are satisfied that the evidence of "substantial pain" necessary to establish physical injury within the meaning of Penal Law § 10.00 (9) was legally sufficient to support the conviction of assault in the third degree (*see People v Morales*, 245 AD2d 467, 467-468 [1997]). Moreover, upon our

independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of assault in the third degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d at 348; *People v Romero*, 7 NY3d at 633).

The defendant's remaining contentions are without merit. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.