People v Orama (2018 NY Slip Op 00571)





People v Orama


2018 NY Slip Op 00571


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2013-10581
 (Ind. No. 430/11)

[*1]The People of the State of New York, respondent,
v
David Orama, appellant.


Paul Skip Laisure, New York, NY (Anna Pervukhin and Lisa Napoli of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Robert Collini, J.), rendered June 28, 2013, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Cooper, 146 AD3d 898, 898; People v Bibbes, 98 AD3d 1267, 1267-1268). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (see People v Van Praag, 153 AD3d 559, 560). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for an adjournment, which request was made on the ground that he was suffering from a back ailment for which he was taking medication (see People v Woolson, 122 AD3d 1353, 1354; see generally People v O'Daniel, 105 AD3d 1144, 1146, affd 24 NY3d 134). " The determination whether to grant an adjournment is committed to the sound discretion of the . . . court,' and absent a showing of prejudice, the court's denial of a request for an adjournment will not be disturbed'" (People v Struss, 79 AD3d 773, 774, quoting People v McRae, 62 AD3d 723, 724; see People v Spears, 64 NY2d 698, 699-700). Here, the defendant did not indicate that his back ailment or the medication he was taking made him unable to understand or follow the proceedings. Moreover, the court's observation of the defendant and knowledge of his efforts to delay the case on prior occasions gave the court ample reason to deny the request (see generally People v Woolson, 122 AD3d at 1354; People v Doyle, 82 AD3d 564, 564). To the extent the defendant contends that [*2]the court's decision deprived him of his right to be present at all material stages of trial because he fell asleep during a pretrial proceeding shortly after his request for an adjournment was denied (see generally People v Struss, 79 AD3d at 774), that contention is without merit. The pretrial proceeding concerned issues of law and, as such, did not implicate his peculiar factual knowledge or otherwise present the potential for his meaningful participation (see People v Fabricio, 3 NY3d 402, 406; People v Singson, 40 AD3d 1015, 1017). Accordingly, the defendant's due process right to be present was not implicated (see People v Fabricio, 3 NY3d at 406; People v Rodriguez, 85 NY2d 586, 591).
Nevertheless, a new trial is required because the defendant was deprived of his right to the effective assistance of counsel. " [W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met'" (People v Olsen, 148 AD3d 829, 830, quoting People v Butler, 143 AD2d 140, 140-141; see People v Baldi, 54 NY2d 137, 147). Moreover, in order to prevail on a claim of ineffective assistance of counsel based on counsel's choices, a defendant must establish that they cannot be objectively explained as part of a legitimate strategy (see People v Evans, 16 NY3d 571, 575). Further, since a defendant is entitled to meaningful, not perfect, representation (see People v Oathout, 21 NY3d 127, 128), the fact that counsel may have made errors does not by itself establish that counsel was ineffective (see People v Casey, 149 AD3d 771, 772).
The defendant was discovered by the complainant in a storage room or closet in the basement of the complainant's home. When the complainant encountered the defendant, the defendant did not have any property in his hands. However, a laptop case that had been in the storage area had been moved outside of that area, but was still in the basement. Upon being discovered, the defendant waved his arms in a circular motion and, without blinking, repeated, over and over, "hallelujah," and then fled. The complainant chased the defendant and used his cellphone to summon the police. The complainant lost sight of the defendant for only brief intervals before returning to his home to meet the police. Within a few minutes, the complainant and the police saw the defendant emerging from the nearby property where the complainant had last seen him. The defendant was charged with burglary in the second degree (Penal Law § 140.25[2]) and criminal mischief in the fourth degree (Penal Law § 145.00[1]). At trial, defense counsel pursued a defense of mistaken identification. After the close of the evidence, counsel made no request that the court submit any lesser included offense, and no lesser included offense was submitted. The defendant was convicted of burglary in the second degree and criminal mischief in the fourth degree.
On appeal, the defendant contends that counsel was ineffective for failing to request that the court submit criminal trespass in the second degree as a lesser included offense of burglary in the second degree. The People contend that mistaken identification was the strongest possible defense, and that counsel's failure to request the lesser included offense could be objectively explained as having been a legitimate tactical decision in furtherance of that "all-or-nothing" defense. The People also contend that submission of the lesser included offense could have distracted the jury from the mistaken-identification defense.
The People's argument overlooks several important considerations. Although there was sufficient evidence to establish that the defendant intended to commit a crime in the basement, a reasonable view of the evidence, taking into account, among other things, the less than compelling evidence that the defendant had stolen something from the residence and the defendant's bizarre behavior upon being discovered, supported a finding that the defendant intended to commit criminal trespass in the second degree but did not also intend to commit a crime inside the residence (see People v Devonish, 6 NY3d 727, 728). Accordingly, upon request, the Supreme Court would have been required to submit criminal trespass in the second degree as a lesser included offense of burglary in the second degree (see People v Ingram, 140 AD3d 1777, 1778; People v Borges, 90 AD3d 1067, 1069; cf. People v Zhagnay, 142 AD3d 1029, 1030; People v Freeman, 98 AD3d 682, 683-684).
In deciding whether to ask for submission of the lesser included offense, defense counsel was obligated to consider the possible consequences of that decision for his client. The defendant was a persistent violent felony offender who, upon his conviction of burglary in the second degree (see Penal Law § 70.02[1][b]), faced a minimum sentence of 16 years to life imprisonment (see Penal Law § 70.08[3][b]). By contrast, upon conviction of criminal trespass in the second degree, which, like the remaining charge, criminal mischief in the fourth degree, was a class A misdemeanor, the defendant faced a maximum of one year in jail. That is not to say that counsel would have been required to argue the lesser included offense in summation, but it was not reasonable for counsel to deprive the jury of the opportunity to consider it (cf. People v Nesbitt, 20 NY3d 1080, 1081-1082). Given the weakness of the mistaken-identification defense, the plausibility of the lesser included offense, and the enormous sentencing disparity between a burglary conviction and a criminal trespass conviction, counsel's failure to request submission of the lesser included offense cannot be considered part of a legitimate all-or-nothing strategy. Under the circumstances, counsel's failure to request submission of the lesser included offense deprived the defendant of his right to meaningful representation (see People v Turner, 5 NY3d 476).
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court