People v Lynch (2021 NY Slip Op 00970)





People v Lynch


2021 NY Slip Op 00970


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1060 KA 18-01067

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC A. LYNCH, DEFENDANT-APPELLANT. 






FRANK MELLACE, II, ROME, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHAEL T. JOHNSON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered March 20, 2018. The judgment convicted defendant upon a jury verdict of, inter alia, burglary in the first degree and attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [1]) and attempted burglary in the first degree (§§ 110.00, 140.30 [1]). Defendant's contention that County Court did not properly instruct the jury on the predicate crime of menacing as alleged in the indictment with respect to the crimes of burglary in the first degree and attempted burglary in the first degree is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Couser, 12 AD3d 1040, 1042 [4th Dept 2004], lv denied 4 NY3d 762 [2005]). To the extent that defendant contends that the jury instruction allowed the jury to convict him on an uncharged theory of burglary, we conclude that defendant failed to preserve his challenge for our review (see People v Hursh, — AD3d &mdash, — [Feb. 11, 2021] [4th Dept 2021]; see generally People v Allen, 24 NY3d 441, 449-450 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court erred in denying his request to charge criminal trespass in the second degree as a lesser included offense of burglary in the first degree. There is no " 'reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater' " (People v Ingram, 140 AD3d 1777, 1778 [4th Dept 2016]; see People v Harris, 50 AD3d 1608, 1608 [4th Dept 2008], lv denied 10 NY3d 959 [2008]), i.e., "that [defendant] entered the [dwelling] unlawfully but for an innocent purpose and developed the intent to commit a crime therein after his entry" (People v Mercado, 294 AD2d 805, 805 [4th Dept 2002], lv denied 98 NY2d 731 [2002]).
Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction with respect to burglary in the first degree and attempted burglary in the first degree inasmuch as defendant's motion for a trial order of dismissal was not specifically directed at the alleged deficiency in the People's proof (see generally People v Gray, 86 NY2d 10, 19 [1995]; People v Bibbes, 98 AD3d 1267, 1267-1268 [4th Dept 2012], amended on rearg 100 AD3d 1473 [4th Dept 2012], lv denied 20 NY3d 931 [2012]), i.e., that the People failed to establish that defendant unlawfully entered the dwellings with the intent to commit the crime of menacing therein. In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant had the requisite intent (see generally People v Madore, 145 AD3d 1440, 1440 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]). Furthermore, viewing the evidence in light of the elements of the crimes of burglary in the first degree and attempted [*2]burglary in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict on those counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment. Finally, the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court