■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [826 NYS2d 899]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Braslow, J.), rendered April 27, 2004, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed November 9, 2005, sentencing him, as a prior felony offender, to concurrent determinate terms of imprisonment of 15 years upon his conviction of criminal sale of a controlled substance in the first degree and eight years upon his conviction of criminal possession of a controlled substance in the second degree.

Ordered that the appeal from so much of the judgment as sought review of the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment imposed upon the conviction of criminal sale of a controlled substance in the first degree to 12 years; as so modified, the resentence is affirmed.

The defendant's challenge to the legal sufficiency of his conviction of criminal sale of a controlled substance in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hines*, 97 NY2d 56, 61 [2001]; *People v Soto*, 8 AD3d 683 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The resentence imposed was excessive to the extent indicated herein. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.