People v Moronta (2018 NY Slip Op 05336)





People v Moronta


2018 NY Slip Op 05336


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-12883
 (Ind. No. 15-01303)

[*1]The People of the State of New York, respondent,
v
Berinzon Moronta, appellant.


Clement S. Patti, Jr., White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered September 14, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
While this appeal was pending, the defendant successfully moved before the Supreme Court, pursuant to CPL 440.20, to vacate his sentence on the ground that the sentencing court had failed to consider whether he should be adjudicated a youthful offender (see People v Rudolph, 21 NY3d 497). By order dated March 1, 2018, following a resentencing proceeding, the original sentence was vacated and a resentence was imposed.
The defendant's contention that the sentencing court failed to consider whether he should be adjudicated a youthful offender has been rendered academic by his subsequent resentencing.
The defendant's contention that the original sentence was excessive also has been rendered academic, as that sentence was vacated by the Supreme Court on March 1, 2018, and superseded by the resentence (see People v Torres, 35 AD3d 769; People v Smith, 304 AD2d 1077).
As no other contentions have been raised by the defendant, the judgment must be affirmed.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court