■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSHUA BARNES, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Beldock, J.), entered November 17, 1989, which granted the defendant's motion to set aside a jury verdict convicting him of murder in the second degree.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

The charges in this case arose out of the March 17, 1989, shooting of the decedent, Jory Lawrence. The medical evidence at trial established that the decedent died of a gunshot wound to the chest. The testimony of other witnesses, viewed in a light most favorable to the People, established that the defendant confessed that he shot the deceased and that he was seen to slap the deceased and shoot him after saying, "You are dead". This evidence was legally sufficient to establish the elements of the crime of murder in the second degree (see, Penal Law § 125.25 [1]).

At the conclusion of all the evidence, the defendant moved to dismiss the indictment pursuant to CPL 290.10. The court reserved decision on the motion until after the jury returned its verdict. Following the verdict of guilt of murder in the second degree, the court granted the defendant's motion upon its apparent consideration of the quality and weight of the evidence.

A trial order of dismissal may be granted only if the trial evidence is legally insufficient to support the offense charged (see, CPL 290.10; People v Simon, 157 AD2d 508, 511-512). Evidence is legally sufficient when, if accepted as true, it would establish every element of the offense charged (CPL 70.10 [1]; People v Sabella, 35 NY2d 158, 167). A motion for such relief is to be decided without consideration of questions as to the quality or weight of the evidence (People v Sabella, supra; People v Simon, supra). We find that the trial order of dismissal herein was improperly granted since the evidence was legally sufficient to support the charges (see, People v Lynch, 116 AD2d 56, 62).

We have reviewed the defendant's remaining contentions in support of an affirmance and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.