■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BARNES, Appellant. [607 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 6, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 17, 1989, Jory Lawrence was shot and killed while standing in the hallway of a building in which the defendant lived. The People's chief witnesses also lived in the building and knew the defendant. The first witness testified that on the day of the shooting, the defendant told her that he shot the decedent. The defendant's cousin was the second witness. Before testifying, he was apparently very nervous and at one point he told the prosecutor that he didn't see the shooting. However, he thereafter reaffirmed that he did indeed witness the shooting. He then took the stand and stated that he witnessed the shooting in which the defendant slapped the deceased, said: "you are dead", and shot him three times. Three days after giving this testimony, the second witness recanted his testimony and asserted that he did not witness the shooting.

The defendant's claim that the second witness's pretrial conversation with the prosecutor was Rosario material, is without merit. There is no indication that the conversation was transcribed or recorded. Therefore it does not fall within the strictures of CPL 240.45 (1) (a). The defendant further claims that the contents of the conversation constituted Brady

material, and the failure to notify him of the conversation deprived him of due process *(see, Brady v Maryland,* 373 US 83, 87). Even assuming, *arguendo,* that the conversation constituted *Brady* material, the defendant's claim is without merit. Significantly, the defendant had the opportunity during the trial to cross-examine the witness using the allegedly exculpatory evidence. It is well settled that a defendant's constitutional right to a fair trial is not violated when, as here, he was given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case *(see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555; *People v Smith,* 63 NY2d 41).

The defendant's contention that the indictment was defective and should have been dismissed because it was based upon perjured testimony is unpreserved for appellate review *(see,* CPL 470.05 [2]). We note that when it became clear during the trial that a witness had falsely testified before the Grand Jury, the People moved to have the indictment dismissed. They further sought leave to re-present the charges to a Grand Jury. The defendant opposed the motion and moved instead to have the indictment dismissed based upon the People's failure to proceed. The trial court declined to dismiss the indictment and directed the People to proceed. In light of the defendant's previous objection to a dismissal based upon the defective indictment, we find his claim at this juncture to be disingenuous.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Miller, J. P., O'Brien, Ritter and Krausman, JJ., concur.