■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BARNES, Appellant. [875 NYS2d 545]—

Appeal by the defendant, by permission, as limited by his

brief, from so much of an order of the Supreme Court, Kings County (Collini, J.), dated September 5, 2006, as, upon reargument, adhered to its prior determination in an order dated August 7, 2006, denying, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence imposed by the same court (Beldock, J.) on April 6, 1992, upon his conviction of murder in the second degree, upon a jury verdict.

Ordered that the order dated September 5, 2006 is reversed insofar as appealed from, on the law, upon reargument, the order dated August 7, 2006 is vacated, the motion pursuant to CPL 440.20 to set aside the sentence is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

In October 1989, after a jury trial, the defendant was found guilty of murder in the second degree, in connection with the fatal shooting of a man in the apartment building where the defendant and his family resided. The trial court granted the defendant's motion for a trial order of dismissal and set aside the verdict, concluding that it was not supported by legally sufficient evidence. The People appealed. During the pendency of the People's appeal, the defendant was convicted in a Pennsylvania court of delivery of a controlled substance and was sentenced on that conviction to a term of incarceration in Pennsylvania. He was paroled in November 1991 and one month later, this Court reversed the order granting the defendant's motion for a trial order of dismissal, reinstated the verdict, and remitted the matter for sentencing (see People v Barnes, 178 AD2d 482 [1991]).

According to the presentence report, the defendant had no felony convictions prior to the shooting incident. At sentencing, the court noted that, according to its recollection, the shooting was drug-related, and observed that, "subsequent to the time he left here," the defendant had been convicted of delivery of a controlled substance in Pennsylvania. The court went on to state that: "also, of course, obviously he was convicted of [sic] a drug case, sale of drugs prior to this incident where he lived where he had children and married the mother. I believe his family lived in the house in question as did his wife's family." The court then sentenced the defendant to an indeterminate term of imprisonment of 20 years to life, which was midway between the minimum authorized sentence of 15 years to life and the maximum authorized sentence of 25 years to life (see Penal Law § 70.00 [2] [a]; [3] [a] [i]).

On the defendant's direct appeal to this Court, he argued, inter alia, that the sentence was excessive since there was no

credible evidence that the shooting was drug-related. This Court affirmed the judgment of conviction (*see People v Barnes*, 200 AD2d 751 [1994]).

In May 2006 the defendant moved to set aside his sentence pursuant to CPL 440.20 on the ground that the sentencing court had based its determination, in part, upon its mistaken belief that the defendant had been convicted of a prior drug felony in addition to the Pennsylvania offense. The Supreme Court denied the motion, concluding that the defendant's claim was procedurally barred under CPL 440.20 (2) because this Court had previously determined the same issue on his direct appeal from the judgment of conviction. The court further concluded that, in any event, the claim was without merit. The court granted the defendant's subsequent motion for leave to reargue his motion to set aside the sentence, but adhered to its original determination.

As the People correctly concede, the defendant is not procedurally barred from raising his present claim, since the issue presented in the instant matter is distinct from the issue raised by the defendant on his appeal from the judgment of conviction.

To comply with due process, a sentencing court "must assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley*, 80 NY2d 702, 712 [1993]; *see People v Naranjo*, 89 NY2d 1047 [1997]). Here, after mentioning the defendant's Pennsylvania drug delivery conviction and noting that it occurred "subsequent to the time he left here," the sentencing court stated that the defendant was "also" convicted of selling drugs "prior to this incident," in a place where he and his family, as well as his wife's family, resided. The record establishes that the only place that satisfies this description is the apartment building in Brooklyn where the shooting occurred. Thus, it appears that the court was referring to a drug sale conviction that was separate from the Pennsylvania conviction and took place prior to the shooting incident. There was no such conviction.

To establish a due process violation in this case, the defendant need not demonstrate that the court enhanced his sentence based solely on the purported prior drug sale conviction. Rather, it is sufficient that the court took that nonexistent conviction into account in making its determination (*see United States v McDavid*, 41 F3d 841, 844 [1994]; *King v Hoke*, 825 F2d 720, 724 [1987]; *United States v Malcolm*, 432 F2d 809, 816 [1970]). The People contend that the sentencing court was not "motivated" by the nonexistent prior conviction in imposing sentence. We disagree (*see Townsend v Burke*, 334 US 736, 740 [1948]

["(w)e are not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence which the prisoner is now serving"]; *United States v Stein*, 544 F2d 96, 102 [1976] ["the fact that the trial judge expressly referred to these matters upon imposition of sentence indicates that she probably considered them to be material; otherwise there would not have been any point in her mentioning them"]).

Since the factors relied upon by the sentencing court included " 'materially untrue' assumptions or 'misinformation' " (*People v Naranjo*, 89 NY2d at 1049, quoting *Townsend v Burke*, 334 US at 741), the sentence was illegally imposed. Accordingly, upon reargument, the Supreme Court should have granted the defendant's motion to set aside the sentence. Upon remittal, the Supreme Court must resentence the defendant, taking into consideration only the actual judgments of conviction that were rendered against the defendant prior to his initial sentencing in this matter. Prudenti, P.J., Ritter, Santucci and Covello, JJ., concur.