[999 NE2d 535, 977 NYS2d 172]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNY P. BEATY, Appellant.

Argued September 4, 2013; decided October 17, 2013

## APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*Janet C. Somes* of counsel), for appellant.

*Sandra Doorley, District Attorney*, Rochester (*Geoffrey Kaeuper* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Following a jury trial, defendant was convicted of, among other crimes, rape in the first degree (Penal Law § 130.35 [1]) and burglary in the first degree (Penal Law § 140.30 [2]), arising from an incident that occurred on March 10, 2007. On that date, the victim returned home from a night out, charged her cell phone, and fell asleep on her couch. Three hours later, she was awoken by someone saying "shhhh" in her ear. The victim sat up and observed a man—later identified as defendant—lying on the couch beside her. The victim smelled alcohol on his breath. She screamed at him to leave. Defendant began choking her and a struggle ensued. They fell to the floor and defendant

raped her. He then threw a blanket over the victim's head and fled. The victim looked for her cell phone so she could call the police, but it was missing.

The victim then ran to her parents' house and her mother called the police. An officer responding to the victim's apartment observed two vertical cuts in the porch screen approximately eight inches apart, along with "smudges" consistent with someone having placed their hands against the window. The victim underwent a sexual assault examination later that morning.

Ten days later, an investigator, while questioning defendant about an earlier home invasion that had occurred on the same street, asked defendant about the rape. The investigator eventually obtained a warrant to search defendant's apartment, and recovered from a drop-ceiling tile in defendant's bedroom a cell phone that the victim identified as hers.

After having been shown the cell phone, defendant gave investigators a written, signed statement. In the statement, he claimed that

> "[f]or the last two years, I've realized that I have a problem with alcohol. If I drink too much, I am taken over by a spirit that takes control of my body and my thoughts. It's something that I can't control. It only happens when I drink alcohol. I don't remember the exact night, but one night earlier this month I was out drinking all over. I remember going to Lux bar on South Avenue and other places. I got drunk. The next thing I remember is knocking on the front window of the house across the street from my house."

Defendant did not admit to raping the victim, but, instead, stated that he entered the house through a window and fell asleep on the couch, only to be awoken by a woman screaming at him, prompting him to flee. That morning, he found a cell phone in his clothing but could not remember how he had come to possess it, and he hid it in the ceiling.

The trial court denied defendant's request for an intoxication charge. The jury convicted defendant as charged. The Appellate Division affirmed, holding, as relevant to this appeal, that because the only record evidence of defendant's intoxication was his self-serving statements and the victim's testimony that she smelled alcohol on defendant's breath, he failed to establish his entitlement to an intoxication charge (89 AD3d 1414, 1417

[4th Dept 2011]). A Judge of this Court granted defendant leave to appeal.

Although intoxication is not a *defense* to a criminal offense, a defendant may offer evidence of intoxication whenever relevant to negate an *element* of the charged crime (*see* Penal Law § 15.25). An intoxication charge should be issued when, viewing the evidence in a light most favorable to defendant (*see People v Farnsworth*, 65 NY2d 734, 735 [1985]), "there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to [an] element . . . on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]). In order to meet this "relatively low threshold," defendant must present evidence

> "tending to corroborate his claim of intoxication, such as the number of drinks, the period of time during which they were consumed, the lapse of time between consumption and the event at issue, whether he consumed alcohol on an empty stomach, whether his drinks were high in alcoholic content, and the specific impact of the alcohol upon his behavior or mental state" (*People v Gaines*, 83 NY2d 925, 927 [1994]).

Here, the evidence was insufficient to allow a reasonable juror to harbor a doubt concerning the element of intent on the basis of intoxication. Defendant's bare assertions concerning his intoxication were, by themselves, insufficient (*see People v Sirico*, 17 NY3d 744, 745 [2011]). Nor did his statement to police and the victim's testimony that she smelled alcohol on his breath corroborate defendant's claim. While he may, indeed, have consumed alcohol prior to the events leading up to the crimes alleged, the evidence established that defendant's conduct was purposeful. He cut a hole in a screen to gain entry, instructed the victim to be quiet, threw a blanket over her head, and stole her cell phone so she could not call the police. Given this evidence, the court correctly ruled an intoxication charge was not warranted.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed, in a memorandum.