■ The People of the State of New York, Respondent, v Quanel Miller, Appellant. [987 NYS2d 881]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 9, 2011, and (2) an amended judgment of the same court rendered June 2, 2011, convicting him of rape in the first degree (two counts),

burglary in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal from the judgment rendered March 9, 2011, is dismissed, as that judgment was superseded by the amended judgment rendered June 2, 2011; and it is further,

Ordered that the amended judgment is modified, on the law, by vacating the sentence imposed; as so modified, the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant was found guilty of various rape, burglary, and robbery charges stemming from an attack on a female victim in January 2003, and an attack on a second female victim in 2006. To support a conviction of burglary in the first degree, the People are obligated to establish beyond a reasonable doubt that a defendant knowingly entered or remained unlawfully in a dwelling with intent to commit a crime therein, and that, in effecting the entry or while in the dwelling or in immediate flight therefrom, the defendant, or another participant in the crime, caused "physical injury" to a person who was not a participant in the crime (Penal Law § 140.30 [2]), or engaged in other conduct not relevant here. The defendant challenges the legal sufficiency of the evidence supporting his conviction of burglary in the first degree with respect to the 2003 incident, arguing that the People did not provide adequate proof that the victim of that incident suffered a "physical injury," as that term is defined in Penal Law § 10.00 (9). The defendant failed to preserve that argument for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of this crime beyond a reasonable doubt. The People presented sufficient evidence that the victim of the 2003 attack suffered substantial pain and, thus, established the element of physical injury beyond a reasonable doubt (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Sullivan, 64 AD3d 67 [2009]; People v Gill, 54 AD3d 965 [2008]). Moreover, upon exercising our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to the crime of burglary in the first degree was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).

The defendant contends that the testimony of a detective violated the principles enunciated in People v Trowbridge (305 NY 471 [1953]) by bolstering the identification testimony of the victim of the 2006 incident, and implying that the victim of the

2003 incident also had identified the defendant. This contention is unpreserved for appellate review and, in any event, without merit. The detective's testimony did not refer to either victim's identification of the defendant (*see People v Martinez*, 298 AD2d 897 [2002]; *People v Smith*, 265 AD2d 352, 352 [1999]).

The defendant's contentions regarding certain remarks made by the prosecutor during summation are also unpreserved for appellant review. In any event, although the prosecutor's comments were improper and unnecessarily inflammatory, they constituted harmless error and did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Whitehurst*, 70 AD3d 1057, 1058-1059 [2010]).

Contrary to the defendant's contention, he did not receive ineffective assistance of counsel. The record indicates that, under the New York standard, defense counsel provided meaningful representation (*see People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Counsel also was not ineffective under the federal standard, as the defendant was not prejudiced by any alleged error made by defense counsel (*see Strickland v Washington*, 466 US 668, 687 [1984]).

Finally, the defendant challenges the propriety of the sentence. To comply with due process, a sentencing court "must assure itself that the information upon which it bases the sentence is reliable and accurate" (*People v Outley*, 80 NY2d 702, 712 [1993]; *see People v Naranjo*, 89 NY2d 1047 [1997]; *People v Barnes*, 60 AD3d 861, 863 [2009]). Here, although the sentencing court was permitted to note that the defendant was charged with a similar offense in 2008 (*see People v Nash*, 83 AD3d 872, 873 [2011]), it erred when it improperly assumed that the defendant chose the victims because of their ethnicity and age. There was no evidence that the victims were specifically targeted on those grounds, a fact that the court acknowledged. Nevertheless, the court indicated that there may have been a "hate crime" element to the crimes at issue. As the sentencing court relied upon a material assumption not supported by the record, the sentence was illegally imposed (*see People v Naranjo*, 89 NY2d at 1049; *People v Barnes*, 60 AD3d at 863-864). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing, in which no consideration shall be given to whether the instant offenses may have had "hate crime" elements. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.