THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VACHESLA GOLGER, Also Known as VACHESLAV, Appellant. [2 NYS3d 907]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 7, 2013, convicting him of sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An intoxication charge should be issued when, viewing the evidence in the light most favorable to the defendant, there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to an element on that basis (*see People v Beaty*, 22 NY3d 918, 921 [2013]; *People v Farnsworth*,

65 NY2d 734, 735 [1985]). Here, the defendant did not demonstrate his entitlement to a charge on intoxication (*see People v Beaty*, 22 NY3d at 921; *People v Sirico*, 17 NY3d 744, 745 [2011]; *People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Rodriguez*, 76 NY2d 918, 920 [1990]; *cf. People v Velcher*, 116 AD3d 799 [2014]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree and assault in the second degree beyond a reasonable doubt (*see* CPL 70.10 [1]; Penal Law §§ 10.00 [9]; 120.05 [6]; 130.00 [3], [8]; 130.65 [1]; *People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Santi*, 3 NY3d 234, 236 [2004]; *People v Taylor*, 94 NY2d 910, 911 [2000]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.