— Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 8, 2015, convicting him of burglary in the first degree, assault in the second degree, criminal obstruction of breathing, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that the evidence was legally insufficient to establish his guilt of burglary in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s contention that the trial court erred in precluding his expert from testifying regarding the effects of the combined use of alcohol and PCP is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the trial court providently exercised its discretion in precluding such testimony as the defendant failed to lay a sufficient foundation for its admission (see People v Albanese, 84 AD3d 1107 [2011]; People v Carey, 67 AD3d 925 [2009]; People v Casper, 42 AD3d 887 [2007]; People v Banks, 33 AD3d 385 [2006]).
 

 Further, the trial court did not err in refusing to give an intoxication charge to the jury (see Penal Law § 15.25). Viewing the evidence in the light most favorable to the defendant (see People v Sirico, 17 NY3d 744 [2011]), we find that it was insufficient to allow a reasonable person to entertain doubt as to the element of intent based on intoxication (see People v Beaty, 22 NY3d 918 [2013]; People v Perry, 61 NY2d 849 [1984]; People v Golger, 126 AD3d 914 [2015]).
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.