Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered February 5, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s conviction of assault in the second degree required proof of physical injury (Penal Law § 120.05 [3]). Physical injury is defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). Although “substantial pain” must be “more than slight or trivial pain,” it need not be “severe or intense to be substantial” (People v Chiddick, 8 NY3d 445, 447 [2007]).
 

 Contrary to the defendant’s contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the complainant suffered a physical injury within the meaning of Penal Law § 10.00 (9) (see People v Chiddick, 8 NY3d at 447). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The testimony established that the defendant caused the complainant to fall to his knees on a concrete floor. As a result, the complainant experienced such “excruciating” pain that he was transported to the hospital by ambulance. At the hospital, the complainant reported that his pain level was a 9 on a scale of 1 to 10, and he was given nonprescription pain medication and a bandage. He had bruising and swelling on his knee. The complainant missed almost four weeks of work because he “could barely walk.” During that time he attended physical therapy sessions three times per week and was unable to play basketball or “walk straight.” Thus, the evidence established that the complainant suffered a physical injury within the meaning of Penal Law § 10.00 (9) (see People v Rahman, 84 AD3d 1119 [2011]; People v Williams, 69 AD3d 662 [2010]).
 

 The defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668 [1984]; People v Baldi, 54 NY2d 137, 146-147 [1981]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.