People v Musheyev (2018 NY Slip Op 04348)





People v Musheyev


2018 NY Slip Op 04348


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-03629
 (Ind. No. 2237/13)

[*1]The People of the State of New York, respondent,
v
Dmitriy Musheyev, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered April 20, 2015, convicting him of burglary in the first degree, assault in the second degree, menacing in the second degree, aggravated harassment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to prove beyond a reasonable doubt that the victim suffered a physical injury is unpreserved for appellate review (see CPL 470.05[2]; People v Miller, 119 AD3d 613, 614). The defendant also contends that the People failed to prove beyond a reasonable doubt that he was guilty of burglary in the first degree, arguing that the evidence was legally insufficient to establish that when the defendant entered the victim's apartment, he had the contemporaneous intent to commit a crime therein. This contention also is unpreserved for appellate review (see People v May, 301 AD2d 784, 785).
In any event, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish beyond a reasonable doubt that the victim suffered a physical injury within the meaning of Penal Law § 10.00(9) (see People v Chiddick, 8 NY3d 445; People v Lumpkin, 154 AD3d 966; People v Martinez, 116 AD3d 983, 984; People v Terrero, 31 AD3d 672, 673), and that the defendant had the contemporaneous intent to commit a crime when he entered the
victim's apartment (see People v Roman, 154 AD3d 969; People v Van Praag, 153 AD3d 559, 560). Additionally, contrary to the defendant's contention, the evidence was legally sufficient to establish beyond a reasonable doubt that the defendant had the intent to cause physical injury to the victim, as required to support the conviction of assault in the second degree (see People v Newland, 83 AD3d 1202; People v Medor, 39 AD3d 362; People v Griffin, 24 AD3d 972; Matter of Jonathan M., 4 AD3d 154).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt of burglary in the first degree and assault in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137). The "decision to request or consent to the submission of a lesser included offense is often based on strategic considerations, taking into account a myriad of factors, including the strength of the People's case" (People v McGee, 20 NY3d 513, 519-520). The defendant failed to demonstrate a lack of a strategic reason or other legitimate explanation for trial counsel's failure to request that the jury be charged on assault in the third degree as a lesser-included offense of assault in the second degree (see People v Briskin, 125 AD3d 1113, 1122; People v Hicks, 110 AD3d 1488, 1489; People v Harris, 97 AD3d 1111, 1112; People v Calderon, 66 AD3d 314; see also People v Gangaram, 132 AD3d 776, 777; People v Casseus, 120 AD3d 828, 829-830).
Further, since there was no request that the Supreme Court charge the jury on assault in the third degree as a lesser-included offense, "the court's failure to submit such offense does not constitute error" (CPL 300.50[2]; see People v Bailey, 142 AD3d 1096, 1097).
The defendant's contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review, because he did not set forth the issue on the record at the time of sentencing (see People v Hodge, 154 AD3d 963; People v Cole, 140 AD3d 1183, 1184). In any event, this contention is without merit (see People v Romero, 101 AD3d 906, 907). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court