People v Jackson (2020 NY Slip Op 01184)





People v Jackson


2020 NY Slip Op 01184


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01296
 (Ind. No. 1217/15)

[*1]The People of the State of New York, respondent,
v
Ronald Jackson, appellant.


Richard M. Langone, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered January 5, 2017, convicting him of assault in the second degree (two counts), resisting arrest, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 26, 2015, while two police officers were attempting to place the defendant under arrest for unlawful possession of marihuana, a struggle ensued, after which the police officers sought medical attention. Subsequently, a jury convicted the defendant of assault in the second degree (two counts), resisting arrest, and unlawful possession of marihuana.
The defendant contends that his convictions of assault in the second degree were based on legally insufficient evidence and against the weight of the evidence due to the prosecution's failure to prove that either police officer suffered a "physical injury" (Penal Law § 10.00[9]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that each police officer sustained a physical injury. One of the police officers testified that, as both officers and the defendant fell to the ground during the arrest, the defendant continued to wrestle with the officers. While on the ground, the defendant bit one of the officers in his inner thigh, breaking his skin through his denim jeans, and caused the other officer's right elbow, forearm, and knee to get "scraped up," causing him "a pretty substantial amount of pain." Further, the People submitted video footage of the arrest depicting the struggle, the police officers' hospital records describing their injuries and rating their pain, and photographs of their injuries, which demonstrated, along with the trial testimony, that each officer sustained physical injury as defined by Penal Law § 10.00(9) (see People v Chiddick, 8 NY3d 445, 447; People v Lumpkin, 154 AD3d 966, 967). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record, we are satisfied that the verdict of guilt of assault in the second degree (two counts), resisting arrest, and unlawful possession of marihuana was not against the weight of the evidence (see id. at 644).
Contrary to the defendant's contention, his rights under the Confrontation Clause of the Sixth Amendment were not violated when the Supreme Court allowed one of the police officer's hospital records to be introduced into evidence despite the officer's unavailability to testify. The officer's statements to medical personnel at the hospital were not testimonial in nature and were properly admitted under the business records exception to the hearsay rule (see CPLR 2306[a]; 4518[a], [c]; People v Duhs, 16 NY3d 405, 408-410; People v Harris, 129 AD3d 990, 991; People v Brown, 96 AD3d 869; see also Giles v California, 554 US 353, 376).
The defendant was not deprived of a fair trial by the prosecutor's brief questioning of the testifying police officer about his military service when eliciting facts about the officer's background (see People v Grady, 40 AD3d 1368, 1373).
The defendant's contention that he was deprived of a fair trial due to questions by the prosecutor regarding the use of Shot Spotter, a gunshot detection technology, in the area of the crime is unpreserved for appellate review since the defendant did not object to these questions (see CPL 470.05[2]; People v Rodriguez, 175 AD3d 721, 722; People v Silva, 175 AD3d 515, 515). The defendant's contention that he was deprived of a fair trial by the prosecutor's question to the testifying officer about whether the area where the defendant was arrested was a dangerous patrol and the prosecutor's remarks during summation about a certain witness's testimony is unpreserved for appellate review. The Supreme Court sustained the defendant's objections to that question and those remarks and the defendant failed to request further curative relief or a mistrial when his objections were sustained (see CPL 470.05[2]; People v Rodriguez, 175 AD3d at 722; People v Silva, 175 AD3d at 515; People v Trowell, 172 AD3d 1112, 1113-1114; People v Bragg, 161 AD3d 998, 998-999). In any event, those contentions are without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court