People v Gaiter (2024 NY Slip Op 00727)

People v Gaiter

2024 NY Slip Op 00727

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1056 KA 22-00358

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEVON GAITER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN R. HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 19, 2022. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), arising from a confrontation during which defendant caused a fatal slash wound to the victim's throat with a weapon with a sharp edge that one eyewitness described as having made a clicking sound as defendant removed it from his pocket prior to slashing the victim. We affirm.
Defendant contends that County Court erred in ruling, on his motion in limine, that limited use of his nickname, "Animal," would be permitted during trial. We reject that contention. Inasmuch as certain witnesses knew defendant only by his nickname, "it was permissible for the People to elicit testimony regarding [the] nickname[ ] at trial for identification purposes" (People v Tolliver, 93 AD3d 1150, 1150 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Vanalst [appeal No. 2], 148 AD3d 1658, 1659 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]; cf. People v Collier, 114 AD3d 1136, 1137 [4th Dept 2014]). Relatedly, defendant contends that the prosecutor exceeded the scope of the court's ruling and deprived him of a fair trial by repeatedly referring to him by his nickname, and that the court erred in failing to provide limiting or curative instructions to the jury. Defendant failed to preserve those contentions for our review (see CPL 470.05 [2]; People v Tuff, 156 AD3d 1372, 1377 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]; Vanalst, 148 AD3d at 1659), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant's contention that he was deprived of a fair trial due to other alleged instances of prosecutorial misconduct "is unpreserved for our review inasmuch as defendant did not object to any of [those] alleged instances of misconduct" (People v Pendergraph, 150 AD3d 1703, 1703 [4th Dept 2017], lv denied 29 NY3d 1132 [2017]; see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]).
Defendant also contends that the court, in its Molineux ruling, erred in refusing to redact from a videotaped police interview of defendant the references to an incident that occurred about a week before the confrontation during which the police, upon approaching defendant to address a noise complaint, discovered that he possessed a box cutter in his pocket. Even assuming, arguendo, that defendant's recent prior possession of a box cutter constitutes Molineux evidence (see generally People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Molineux, 168 NY 264, 293 [1901]), we conclude that the court properly admitted the references thereto because that [*2]evidence tended to undermine defendant's claims that the victim came at him with a knife and that defendant had no weapon at the crime scene, and the court did not abuse its discretion in determining that the probative value thereof outweighed the potential for prejudice (see People v Camarena, 289 AD2d 7, 8 [1st Dept 2001], lv denied 97 NY2d 752 [2002]; see generally People v Alvino, 71 NY2d 233, 242 [1987]). We have reviewed defendant's remaining contentions concerning alleged evidentiary errors and conclude that they are either unpreserved or lack merit.
Contrary to defendant's contention, the court properly denied his request for an intoxication charge. Viewing the evidence in the light most favorable to defendant (see People v Beaty, 22 NY3d 918, 921 [2013]; People v Farnsworth, 65 NY2d 734, 735 [1985]), we conclude that "the evidence was insufficient to allow a reasonable juror to harbor a doubt concerning the element of intent on the basis of intoxication" (Beaty, 22 NY3d at 921; see People v Barill, 120 AD3d 951, 953 [4th Dept 2014], lv denied 24 NY3d 1042 [2014], reconsideration denied 25 NY3d 949 [2015], cert denied 577 US 865 [2015]).
Contrary to defendant's further contentions, we conclude that, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court